Tonn and others, Appellants, vs. Strehlau and others, Respondents.

*November 2—December 1, 1953.*

252

For the appellants the cause was submitted on the brief of *Lehner & Lehner* and *Adolph P. Lehner,* all of Oconto Falls.

For the respondents there was a brief and oral argument by *Norman B. Langill* of Marinette, and *Harry E. White,* district attorney of Marinette county.

CURRIE, J. The controlling statute on this appeal is sec. 60.29 (20) (b) (c), which provides as follows:

"(b) Whenever, upon petition of two thirds of the resident freeholders of a contiguous district described in such petition, of any town to the town board of such town that such district desires fire protection from a near-by city, village, or town

department, specifying the kind of protection desired and the amount that such protection will cost yearly, or whenever it becomes necessary to provide protection as demanded under section 60.29 (18m), such town board shall contract with the council of such city, the board of such village, or the board of such town, or any duly established volunteer or private fire company as specified in such petition, and such contract shall be executed by resolution of both governing bodies. The town board shall yearly appropriate and pay to such village, city, or town, or duly established volunteer or private fire company the sum agreed upon for such protection and shall yearly levy a tax upon all the real and personal property in said contiguous district in order to reimburse said town; and any such village, city, or town is hereby authorized to enter into such contract.

"(c) Any town, part of a town, or persons residing therein may join with a neighboring town, part of a neighboring town, city, or village in establishing and maintaining a joint volunteer fire department or in obtaining fire service from any corporation, association, or individual equipped to furnish adequate protection, by contract or otherwise, the proportionate expense of establishing and maintaining such joint volunteer department, or contract for such service shall be paid as provided in paragraph (b) by each town or part of a town, city, or village which has joined in the establishing of the department or contracting for such service. Nothing herein shall obligate a town to pay for fire-fighting services in territories located within districts under the supervision and control of fire wardens."

It is the position of the defendants that the appropriation made by the town board of the town of Grover to the voluntary fire department, and the levy of the irrepealable tax upon the real and personal property of the part of the area of the town described in the petitions, was fully authorized by the above-quoted statute. On the other hand, the plaintiffs maintain that both the making of the appropriation and the levy of the irrepealable tax were invalid for the following reasons:

(1) The town board is only authorized to appropriate money and levy a tax therefor for the purposes of a fire department

directly organized by the town, while the fire department to which the moneys appropriated in this instance were paid had been incorporated by private individuals;

(2) The appropriation made and the tax levied were for a private and not a public purpose, inasmuch as the moneys appropriated were paid over to a private corporation;

(3) Under the provisions of sec. 60.29 (20) (b), Stats., the town board was limited to entering into a contract for fire protection with the volunteer joint fire department and had no power to make a direct appropriation to it to cover the cost of acquiring fire-fighting equipment.

Plaintiffs base their contention, that the town board could appropriate money only for a fire department directly organized by the town, upon the provisions of sec. 60.29 (18), Stats., which authorizes town boards to organize fire departments either alone or in conjunction with a neighboring town, group of towns, parts of towns, cities, or villages. We do not construe the provisions of sec. 60.29 (18) as being a limitation upon the power granted to town boards by the provisions of sec. 60.29 (20) (b), (c), but rather that supplementary powers are granted by the last-mentioned statute. Both pars. (b) and (c) of sec. 60.29 (20) specifically refer to *"volunteer"* fire departments, and authorize town funds to be paid to such volunteer fire departments.

As to plaintiffs' second contention, we do not understand that plaintiffs maintain that the providing of fire protection to the residents of a town or a portion of a town would not be for a public purpose. Such a contention would not warrant any serious consideration by this court. It is because the appropriation was made directly to a privately organized corporation (in this case the volunteer joint fire department), that plaintiffs contend that the purpose of the appropriation and tax was private and not public. On this point, however, it is necessary only to cite the decision of this court in *State ex rel. Wisconsin Development Authority v. Dammann*

(1938), 228 Wis. 147, 277 N. W. 278, 280 N. W. 698, in which case a state appropriation to the Wisconsin Development Authority was upheld as being for a public purpose even though said corporation was determined to be a private and not a public corporation. In its opinion the court stated (p. 176):

"When, however, the appropriation is solely for a public purpose and is under proper governmental control and supervision, it is not invalid merely because it is paid to or through a private corporation or agency."

At page 177 of this court's opinion in *State ex rel. Wisconsin Development Authority v. Dammann, supra,* there was set forth a considerable list of privately owned or controlled corporations or associations to which state appropriations had been made in the past for public purposes, such as the State Historical Society, and various agricultural associations, which practice had originated as early as 1853. It was the court's position that this long-continuing practice was a practical construction sanctioning such type of appropriations for public purposes even though made to private organizations.

In the case at bar the sole corporate purpose of the joint volunteer fire department was to provide fire protection in the designated area of two contiguous towns. Furthermore, the appropriation in this case received by the department was for the purpose of purchasing fire-fighting equipment, and the articles of incorporation provided in effect that upon dissolution all assets were to be divided between the towns of Grover and Porterfield in proportion to the amounts each had contributed. Plaintiffs contend that such provision in the articles could be changed by amendment at any time. We doubt if this could legally be done once the department had accepted an appropriation from one of the two towns.

We now turn to the third and last contention of plaintiffs, *i. e.,* that the town board was by statute restricted to making a contract with the volunteer fire department and could not

directly appropriate funds for the purpose of establishing such a department and providing it with equipment. Par. (b) of sec. 60.29 (20), Stats., does not provide for direct appropriations to a volunteer fire department but only for the entering into of a contract between the town and the department for the affording of fire protection. However, par. (c) of sec. 60.29 (20) specifically provides for "establishing and maintaining a joint volunteer department" as well as contracting for such fire protection and contemplates that either method may be pursued. Furthermore, it authorizes a *"part of a town or persons residing therein"* to establish and maintain a joint volunteer fire department, and provides that the cost of so doing "shall be paid as provided in paragraph (b) by each town or part of a town." Such reference to par. (b) of sec. 60.29 (20) is only to the part thereof dealing with the making of the appropriation and the levying of the irrepealable tax and not to the portion of par. (b) requiring the entering into of a contract for fire protection.

Therefore, our conclusion is that the learned trial court rightly concluded that plaintiffs' complaint, and the evidence presented, did not establish a cause of action, and properly dismissed the complaint.

*By the Court.*—Judgment affirmed.