CAROL SKORNICKA, Secretary Department of Industry, Labor andHuman Relations
Your predecessor stated that the application of various existing and pending state rules and statutes to individual fire departments depends on whether the department is a public sector employer or a private sector employer. For example, section101.055, Stats., governs public employes' safety and health.
Section 101.055(3)(a) provides, in part, that the Department of Industry, Labor and Human Relations "shall adopt, by administrative rule, standards to protect the safety and health of public employes." A public employe is defined in section101.055(2)(b) as "any employe of the state, of any state agency or of any political subdivision of the state." A public employer "means the state, any state agency or any political subdivision of the state." Sec. 101.055(2)(d), Stats. The safety standards mandated by section 101.055 are inapplicable to private sector firefighters.
Your predecessor further stated that private sector volunteer fire departments have traditionally been established under chapter 213 and under chapter 181, as nonstock, nonprofit corporations. Section 213.05 provides that:
 Any number of persons, not less than 15, not residing in any city or village may organize a fire engine, hook and ladder, sack or other fire company for the protection of life and property in the manner prescribed in ch. 181 and thereupon shall have all the powers of a corporation, including the powers respecting real estate under these *Page 62 
statutes necessary or proper to accomplish the purposes prescribed by its articles of organization, and shall be governed by all the provisions of these statutes applicable thereto.
Finally, your predecessor related that over time some chapter 213 or chapter 181 volunteer fire departments have come to rely on the resources or policies of their local municipal governments. For instance, he explained that chapter 213 or chapter 181 fire departments may acquire operating revenue through assessment on the tax mill rate, by contracting at a fixed rate with the municipality, by billing property owners per call, or by combining any of these methods.
To summarize, the general focus of the inquiry is: a) whether a private sector fire department may be transformed into a public sector department upon reaching a particular level of governmental involvement or sponsorship; and b) whether state regulation of a private sector fire department might, at some point, become appropriate depending on the level of governmental involvement the department has reached.
Your predecessor asked for an opinion on the following specific question:
 Is the classification of a volunteer fire department as a private sector or public sector department based on the classification of the entity owning, housing, and maintaining the equipment or on the classification of the entity to which the member firefighters belong?
Ownership or maintenance of fire fighting equipment is not a determining factor in the classification of private sector versus public sector fire departments. The statute governing town fire protection is illustrative. 1983 Wisconsin Act 532 recodified chapter 60, relating to towns. The legislation was developed by the Legislative Council's Special Committee on Revision of Town Laws. Until the 1983 recodification, provision of fire service by a town board was optional. The recodification required towns to provide fire services. *Page 63 
1983 Wisconsin Act 532, at 2114. Section 60.55 governs town fire protection. The Special Committee's note to section 60.55 states that the section gives
 the town board broad authority to provide for and fund fire protection. Flexibility in providing fire protection is necessary because of the widely varying circumstances of towns — circumstances that affect the level of fire protection needed or desired, such as population, geography, area, proximity to urban centers and commercial and industrial development.
1983 Wisconsin Act 532, at 2158.
Section 60.55(1)(a) permits a town board to provide for fire protection in any manner including:
1. Establishing a town fire department.
 2. Joining with another town, village or city to establish a joint fire department. . . .
3. Contracting with any person.
4. Utilizing a fire company organized under ch. 213.
Section 60.55(1)(b) authorizes the town board to provide for the equipping, staffing, housing and maintenance of fire protection services. Pursuant to section 60.55(2), the board is also authorized to utilize a variety of mechanisms to obtain funding for fire services, including a levy of taxes on the entire town to pay for fire protection.
This flexible statutory scheme allows the town board to raise money for fire services, to purchase, house, and maintain fire equipment, and to staff the fire protection services, not only with employes of a municipal fire department, but with a private "fire company organized under ch. 213." Sec. 60.55(1)(a)1. and 4., Stats.
The Wisconsin Supreme Court considered a challenge to public funding of a private volunteer fire department in Tonn v.Strehlau, 265 Wis. 250, 61 N.W.2d 486 (1953). In Tonn, residents of two adjoining towns formed a private volunteer fire *Page 64 
department under section 213.05. The town boards of the adjoining towns levied taxes and directly appropriated money to the chapter 213 department to cover its cost of acquiring fire fighting equipment. The court rejected the argument that the town board was restricted to contracting with a private fire department and could not directly appropriate funds to provide the private company with equipment. According to the court, the town's direct appropriation to the corporation was permissible because of the private corporation's public purpose. The court observed that in Wisconsin the practice of appropriating public funds to privately owned or controlled corporations was long-continuing and judicially sanctioned. There is no suggestion in Tonn that the corporation's acceptance of public funds to undertake a public purpose altered its private sector status.
In my opinion, a privately organized chapter 213 or chapter 181 fire department does not lose its private character by accepting funds or equipment from a local governmental unit. A similar conclusion was reached in 66 Op. Att'y Gen. 113 (1977). The Palmyra Volunteer Fire Department was organized as a nonstock, nonprofit corporation under chapter 181, pursuant to authority granted in section 213.05. The chief of the department asked the attorney general whether the department was subject to the provisions of the open meeting law. The answer turned on whether the department was a governmental or quasi-governmental corporation. The attorney general concluded that the fact that a private corporation receives payment for fire service from a town does not change the corporation into a governmental or quasi-governmental entity.
I conclude that a private fire department does not become a public department if it utilizes municipal equipment or accepts municipal funding. Expressed in the terms of the inquiry, classification of a volunteer fire department as public versus private is not determined by ownership of the fire fighting equipment utilized. *Page 65 
Your predecessor next asked if members of a chapter 213 or chapter 181 volunteer fire department would be reclassified as public sector employes if a municipality becomes responsible for their insurance or worker's compensation coverage?
A pertinent worker's compensation statute exists. Section102.07(7) provides, in part, that:
 Every member of any volunteer fire company or fire department organized under ch. 213 or any legally organized rescue squad shall be deemed an employe of such company, department or squad. . . . If such company, department or squad has not insured its liability for compensation to its employes, the municipality or county within which such company, department or squad was organized shall be liable for such compensation.
Members of chapter 213 fire departments are deemed employes of the fire department by operation of section 102.07(7). Their status under the statute does not change if the municipality assumes responsibility for worker's compensation coverage when the chapter 213 corporation fails to do so. Instead, liability is statutorily transferred to the municipality with no attendant change in the firefighter's classification as an employe of a private sector company.
Under the reasoning followed in the answer to the first question, just as a municipality may directly fund and equip a private sector fire department without affecting the department's private sector status, there appears to be no reason why a municipality could not similarly elect to provide insurance other than worker's compensation coverage for the individuals providing it with fire protection services. Therefore, members of a private volunteer fire department would not be reclassified as public employes if a municipality were to undertake responsibility for their worker's compensation coverage or other insurance.
Your predecessor next asked whether a chapter 181 volunteer fire department would be considered a public fire department if *Page 66 
the articles of incorporation require that the board of directors of the corporation include one or more representatives of the municipality or municipalities for which the fire department is providing protection?
There are no reported Wisconsin decisions or opinions of the attorney general that address a private fire department's practice of providing that one or more municipal representatives be seated on its board of directors. Section 213.05 simply states that any number of persons may organize a fire company "in the manner prescribed in ch. 181." Section 181.18 provides that the affairs of a chapter 181 corporation shall be managed by a board of directors. Section 181.18 further provides that "[d]irectors need not be residents of this state or members of the corporation unless the articles of incorporation or bylaws so require. Thebylaws may prescribe other qualifications for directors."
Section 181.20(2) states, in part, that "[t]he directors constituting the first board of directors shall be named in the articles of incorporation . . . [t]hereafter, directors shall be elected or appointed in the manner and for terms provided in the articles of incorporation or the bylaws." "The articles of incorporation may include any provision, not inconsistent with law, which the incorporators elect to set forth in the articles of incorporation. . . ." Sec. 181.31(2), Stats.
The practice of designating municipal representatives as chapter 181 corporate board members does not seem to be inconsistent with the necessarily close relationship between private fire departments and the municipalities that they serve. Furthermore, because it appears that such appointments can be statutorily accomplished without creating any conflict of interest, see section 181.225, the independent nature of the chapter 181 fire department is not likely to be compromised by the practice.
In short, no statutory provision or judicial precedent directs that a chapter 181 volunteer fire department be considered a *Page 67 
public department if the department chooses to include municipal representatives on its board. Statutes and case law aside, policy reasons are likely to favor, rather than prohibit, appointment of municipal representatives.
Finally, your predecessor asked what criteria should be used to determine whether a chapter 213 or a chapter 181 fire department retains its status as a private (private employer) fire department.
The final question presupposes that a volunteer fire department's private status can be lost depending on how closely its affairs become entwined with those of a local governmental unit. The classification of a fire department depends on the enabling statute under which it was organized. A fire department created by a town board pursuant to section 60.55(1)(a)1. is certainly a public fire department, as are village and city departments established under sections 61.65(2)(a)1. and62.13(8). A fire department organized under chapters 213 and 181 is a private entity, despite its evident public purpose. In my opinion, although a private, volunteer fire department can be disbanded or dissolved, then reconstituted as a public entity, public status does not automatically accrue by virtue of increased municipal involvement.
The mechanisms for disbandment or for voluntary dissolution of private departments are found in sections 213.04 and 181.50. I believe that the only certain criteria for determining whether a volunteer fire department has lost its private status are findings that: (1) chapter 213 disbandment and/or chapter 181 dissolution have taken place; and (2) either by town board action or by ordinance, the department in question had been recreated as a municipal entity.
JED:LD *Page 68